| | |
|---|---|
| AUTO-OWNERS MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: ) |
| THE HALO FOUNDATION: HELPING ART LIBERATE ORPHANS, | ) ) ) ) |
| **HOLD SERVICE** | ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Auto-Owners Mutual Insurance Company ("Auto-Owners"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, hereby states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Auto-Owners is an insurance company incorporated, organized and existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan, and it is therefore a corporate citizen of the State of Michigan.

2. Defendant, The HALO Foundation: Helping Art Liberate Orphans ("HALO") is a nonprofit corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Missouri. Therefore, HALO is a corporate citizen of the State of Missouri. Service upon HALO can be effectuated upon its registered agent, Rebecca Neuenswander, 1600 Genessee #200, Kansas City, Missouri 64102.

3. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 2201 because Auto-Owners is seeking a determination of its rights and obligations under an insurance policy. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(a) and Local Rule 3.2(a) because a substantial part of the events or omissions giving rise to this action occurred in Platte County, Missouri.

## GENERAL ALLEGATIONS

5. Auto-Owners is bringing this action seeking interpretation of an insurance policy it issued, as well as a declaration of its rights and obligations thereunder.

6. Auto-Owners issued to Paradise Productions KC, LLC ("Paradise"), as named insured, an insurance policy with effective dates of November 4, 2021, to November 4, 2022, Policy No. 214605-75602665-21 (the "Policy"). A copy of the Policy is attached hereto as <u>Exhibit A</u> and is incorporated by reference as if fully set forth herein.

7. Subject to certain terms, provisions, definitions, limitations, and exclusions, the Policy provides commercial general liability insurance with limits of liability of $2,000,000 for each occurrence and $3,000,000 aggregate. <u>Ex. A</u>.

8. The Policy contains the following relevant provisions, among others:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
…
Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. . . .
…
**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.
   …
   b. This insurance applies to "bodily injury" and "property damage" only if:
      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      …

2. **Exclusions**
   This insurance does not apply to:
   …
   j. **Damage To Property**
      "Property damage" to:
      (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
      …
      (4) Personal property in the care, custody or control of the insured;
      …
   m. **Damage To Impaired Property Or Property Not Physically Injured**
      "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
      **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
      **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

      This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.
      …
   p. **Electronic Data**
      Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data. However, this exclusion does not apply to liability for damages because of "bodily injury". As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.
      …

**SECTION V – DEFINTIONS**
…

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

…

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
    **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
    **b.** You have failed to fulfill the terms of a contract or agreement;
if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

…

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

**17.** "Property damage" means:
    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the time of the physical injury that caused it; or
    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

…

**21.** "Your product":
    **a.** Means:
        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
            **(a)** You;
            **(b)** Others trading under your name; or
            **(c)** A person or organization whose business or assets you have acquired; and
        **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
    **b.** Includes:
        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
        **(2)** The providing of or failure to provide warnings or instructions.
    **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

…

**22.** "Your work":
    **a.** Means:

      **(1)**    Work or operations performed by you or on your behalf; and
      **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

**b.**    Includes:
      **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
      **(2)**    The providing of or failure to provide warnings or instructions.

***

*See* <u>Exhibit A</u>.

    9.    On or about March 7, 2022, HALO sent a demand letter to Paradise advising that HALO intended to pursue claims against Paradise for the breach of contractual and fiduciary obligations related to an art auction fundraiser that was supposed to be livestreamed on February 22, 2022.

    10.    HALO claimed that it contracted with Paradise to produce and deliver livestreaming of the auction event on YouTube so that it could be watched on a TV, computer or phone, but the internet at the auction location went out on the night of the event, delaying the auction and causing the inability of the event to be livestreamed on YouTube, which resulted in significantly lower bids and fundraising than projected.

    11.    In August 2022, HALO prepared a petition setting forth its causes of action and claims for damages pertaining to the conduct of the auction, which included causes of action for breach of contract, breach of the implied duty of good faith and fair dealing, and negligence. A copy of the draft petition is attached hereto as <u>Exhibit B</u>.

    12.    On March 21, 2022, Paradise provided a notice of loss to Auto-Owners, seeking defense and indemnification of any claims against it.

    13.    Following negotiations between HALO, Paradise, and Auto-Owners, an agreement was reached whereby HALO would release all of its claims against Paradise, and HALO and Auto-Owners would litigate the issue of coverage under the Policy for HALO's claims as alleged in

HALO's petition. The full terms of the agreement are set forth in the settlement agreement that is attached hereto as <u>Exhibit C</u>, which is incorporated by reference as if fully set forth herein.

14. An actual case or controversy of a justiciable nature exists between Auto-Owners and HALO concerning the rights and obligations of the parties under the Policy, and litigation as to this controversy is inevitable and imminent.

15. The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.

16. All necessary and proper parties are before the Court with respect to the matters in controversy.

17. Auto-Owners has no adequate remedy at law.

### COUNT I - DECLARATORY JUDGMENT – DEFINITION OF "PROPERTY DAMAGE"

18. Auto Owners hereby incorporates and re-alleges each allegation set forth in Paragraphs 1 through 17 above

19. In pertinent part, the Policy's insuring agreement only provides coverage for damages that are because of "property damage."

20. "Property damage" is defined in the Policy as "[p]hysical injury to tangible property," and "[l]oss of use of tangible property that is not physically injured." The definition further specifies that electronic data is not tangible property.

21. HALO only alleges purely economic damages resulting from issues with intangible property and/or electronic data, such as streaming and bidding applications and software such as YouTube.

22. No damages for physical injury to or loss of use of tangible property have been alleged by HALO. Therefore, none of the damages claimed by HALO are for "property damage."

23. Accordingly, Auto Owners does not have a duty to indemnify any of the damages alleged by HALO.

**WHEREFORE**, Auto-Owners respectfully requests this Court to declare the rights and obligations of the parties under the Policy and to enter judgment in favor of Auto-Owners, adjudging and declaring that there is no applicable coverage under the Policy for HALO's claims or for any of the damages related to those claims, that Auto-Owners has no duty to indemnify any damages related to HALO's claims, and that Auto-Owners is entitled to such further relief as the Court deems just and proper under the circumstances.

**COUNT II - DECLARATORY JUDGMENT – "ELECTRONIC DATA" EXCLUSION**

24. Auto Owners hereby incorporate and re-alleges each allegation set forth in Paragraphs 1 through 17 above.

25. The Policy contains an exclusion titled, "Electronic Data," which bars coverage for any "property damage" arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

26. HALO asserts that it suffered damages from failed internet and software including the inability to access and manipulate the digital production and streaming of the auction event.

27. Even if it were assumed that damages for "property damage" had been alleged, all such damages would have arisen out of the loss of, loss of use of, corruption of, inability to access, and/or inability to manipulate "electronic data," including the streaming and bidding applications and software such as YouTube, and such claims implicate the Electronic Data exclusion.

28. Therefore, the Electronic Data exclusion would apply to bar coverage for all damages that have been alleged by HALO, even if it were assumed that said damages met the insuring agreement's requirement of "property damage" in the first place.

29. Accordingly, Auto Owners does not have a duty to indemnify any of the damages alleged by HALO.

**WHEREFORE**, Auto-Owners respectfully requests this Court to declare the rights and obligations of the parties under the Policy and to enter judgment in favor of Auto-Owners, adjudging and declaring that there is no applicable coverage under the Policy for HALO's claims or for any of the damages related to those claims, that Auto-Owners has no duty to indemnify any damages related to HALO's claims, and that Auto-Owners is entitled to such further relief as the Court deems just and proper under the circumstances.

### COUNT III- DECLARATORY JUDGMENT – DEFINITION OF "OCCURENCE"

30. Auto Owners hereby incorporate and re-alleges each and every allegation set forth in Paragraphs 1 through 17 above.

31. In pertinent part, the Policy's insuring agreement only provides coverage for "property damage" that is caused by an "occurrence[.]"

32. "Occurrence" is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

33. HALO asserts that its damages stemmed from non-accidental actions such as Paradise breaching its contract by volitionally failing to have backup internet or experienced IT personnel onsite on the night of the auction.

34. Such actions do not constitute accidents and therefore do not qualify under the definition of "occurrence" in the Policy.

35. Accordingly, Auto Owners does not have a duty to indemnify any of the damages alleged by HALO.

**WHEREFORE**, Auto-Owners respectfully requests this Court to declare the rights and obligations of the parties under the Policy and to enter judgment in favor of Auto-Owners, adjudging and declaring that there is no applicable coverage under the Policy for HALO's claims or for any of the damages related to those claims, that Auto-Owners has no duty to indemnify any damages related to HALO's claims, and that Auto-Owners is entitled to such further relief as the Court deems just and proper under the circumstances.

### COUNT IV - DECLARATORY JUDGMENT – "DAMAGE TO PROPERTY" EXCLUSION

36. Auto Owners hereby incorporate and re-alleges each and every allegation set forth in Paragraphs 1 through 17 above.

37. The Policy contains an exclusion titled, "Damage to Property," which bars coverage for "property damage" to property owned by Paradise, as well as property within Paradise's care, custody, or control.

38. HALO claims damages resulting from the loss of use of Paradise's internet and software that was supposed to be connected to the internet in Paradise's studio.

39. Even if it were assumed that damages for "property damage" had been alleged, damages pertaining to the loss of use of property belonging to Paradise or in Paradise's care, custody, or control, would entirely be barred from coverage by this exclusion.

40. Accordingly, Auto Owners does not have a duty to indemnify any of the damages alleged by HALO.

**WHEREFORE**, Auto-Owners respectfully requests this Court to declare the rights and obligations of the parties under the Policy and to enter judgment in favor of Auto-Owners, adjudging and declaring that there is no applicable coverage under the Policy for HALO's claims or for any of the damages related to those claims, that Auto-Owners has no duty to indemnify any

damages related to HALO's claims, and that Auto-Owners is entitled to such further relief as the Court deems just and proper under the circumstances.

### COUNT V - DECLARATORY JUDGMENT – "DAMAGE TO IMPAIRED PROPERTY OR PROPERTY NOT PHYSICALLY INJURED" EXCLUSION

41. Auto Owners hereby incorporate and re-allege each allegation set forth in Paragraphs 1 through 17 above.

42. The Policy contains an exclusion titled, "Damage to Impaired Property Or Property Not Physically Injured," which bars coverage for, among other things, damages arising out of the loss of use of property not physically damaged that arises out of the failure of Paradise to perform a contract or agreement in accordance with its terms.

43. HALO asserts that it sustained damage with respect to property that was not physically injured, including the failure of Paradise's internet service, as a result of Paradise's failure to fulfil its contract in accordance with its terms.

44. HALO's claims do not include any assertion of any sudden and accidental physical injury to anything, such that the exception to this exclusion is inapplicable.

45. Even if it were assumed that damages for "property damage" had been alleged, the Damage to Impaired Property Or Property Not Physically Injured exclusion bars coverage for the damages alleged by HALO, since the damages pertaining to property that was not physically injured resulted from Paradise's failure to perform the contract in accordance with its terms.

46. Accordingly, Auto Owners does not have a duty to indemnify Paradise for such damages alleged by HALO.

**WHEREFORE**, Auto-Owners respectfully requests this Court to declare the rights and obligations of the parties under the Policy and to enter judgment in favor of Auto-Owners, adjudging and declaring that there is no applicable coverage under the Policy for HALO's claims

or for any of the damages related to those claims, that Auto-Owners has no duty to indemnify any damages related to HALO's claims, and that Auto-Owners is entitled to such further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**WATTERS WOLF BUB HANSMANN**

/s/  Russell F. Watters
Russell F. Watters, #25758MO
Joseph P. Krispin, #69181MO
Christine Lesicko, #64986MO
600 Kellwood Parkway, Suite #120
St. Louis, MO 63017
(636) 798-0570
rwatters@wwbhlaw.com
jkrispin@wwbhlaw.com
clesicko@wwbhlaw.com
*Attorneys for Plaintiff Auto-Owners*